## EDMONDSON v. COUGHRAN et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 20, 1911. Rehearing Denied June 10, 1911.)

1. APPEAL AND ERROR (§ 500*)—PRESENTATION OF QUESTION IN TRIAL COURT—EXCEPTIONS —NECESSITY OF RULING.

An assignment of error, based on a special exception on which the record fails to show any ruling, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 500.*]

2. APPEAL AND ERROR (§ 1051*)—REVIEW— HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting testimony as to the insolvency of a person was harmless, where the fact of insolvency is undisputed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4163; Dec. Dig. § 1051.*]

3. SHERIFFS AND CONSTABLES (§ 138*)—EVIDENCE—ADMISSIBILITY.

In an action against a sheriff and an attachment creditor of a third person for conversion of goods claimed by plaintiff, the admission of testimony of a witness, from whom plaintiff alleged he had purchased the goods, that' he had a written contract with the attachment debtor for the sale of the goods, was proper, as it tended to support the theory of defendants that the sale was in reality to the attachment defendant, though nominally to plaintiff.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 291; Dec. Dig. § 138.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**4. Trial (§ 349*)—Special Issues—Discretion of Court.**

The submission of a cause on special issues is within the discretion of the trial judge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. § 349.*]

**5. Fraudulent Conveyances (§ 181*)—Transactions Invalid.**

In an action for conversion of a stock of goods levied on under an attachment against a third person, it is immaterial whether a gift or transfer of land in another state can be fraudulent as to creditors; the question being whether the stock of goods taken in exchange for the land became in fact the property of the attachment debtor or of the plaintiff.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 554–567; Dec. Dig. § 181.*]

**6. Fraudulent Conveyances (§ 121*)—Right to Prefer Creditor.**

A debtor, though insolvent, may pay one creditor to the exclusion of others, though the effect is necessarily to hinder and delay other creditors, provided the transaction be in good faith at least on the part of the creditor receiving payment.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 385–391; Dec. Dig. § 121.*]

**7. Fraudulent Conveyances (§ 309*)—Transactions Invalid—Right to Prefer Creditors.**

In an action for the conversion of goods claimed by plaintiff, by seizure under an attachment against a third person, where there was evidence that the attachment debtor was indebted to plaintiff and desired to pay him, for which purpose the stock of goods was taken in the plaintiff's name, and that after payment it was the intention of the parties that the attachment debtor should receive back whatever remained, it was error to instruct that, if the design of the transaction was not only to secure the plaintiff in repayment of debt, but also to enable the attachment debtor to get the remainder arising from the stock of goods, the legal effect would be to hinder and delay the creditors of the judgment debtor, and therefore, as to such creditors, the transaction would be void and the goods would be subject to attachment.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 941–958; Dec. Dig. § 309.*]

Appeal from District Court, Mitchell County; Jas. L. Shepherd, Judge.

Action by W. L. Edmondson against G. B. Coughran and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Beall & Beall and W. B. Crockett, for appellant. Royall G. Smith, for appellees.

SPEER, J. W. L. Edmondson instituted this suit against G. B. Coughran, sheriff, and the City National Bank of Colorado, for damages growing out of the attachment and conversion of a certain stock of goods alleged to be owned by him; the same having been seized as the property of one J. A. Henderson. The defendants' answer embraced a general denial and a plea of fraudulent conspiracy between plaintiff and said Henderson, that the stock of goods was really the property of said Henderson, etc. There was a trial before a jury resulting in a verdict and judgment for the defendants, and the plaintiff has appealed.

[1] We cannot consider the first and tenth assignments, since the record fails to show any ruling on the special exception made the basis of the first, and through inadvertence of some sort the tenth as presented in the record is unintelligible.

[2] There was no error in admitting the testimony complained of in the second, third, fourth, fifth, sixth, and eighth assignments, since all such evidence bore upon the issue of Henderson's insolvency; but, if there had been, yet the fact of his insolvency appears to have been undisputed, and the rulings were harmless.

[3] Neither was there error in admitting the testimony of the witness Ratliff, from whom plaintiff alleged he had purchased the stock of goods in question, to the effect that he had a written contract with Henderson for the sale of such stock. It tended to support appellees' theory that the sale was in reality to Henderson, though nominally to Edmondson.

[4] Appellant requested the submission of the case on special issues. This request was denied, but the refusal was within the discretion of the trial judge under the present statute. G., H. & S. A. Ry. Co. v. Jackson, 93 Tex. 262, 54 S. W. 1023.

[5] Other assignments are predicated upon the supposed error committed by the court in authorizing the jury to consider, as a badge of fraud between Henderson and appellant, the gift or transfer of certain lands owned by Henderson in New Mexico; the insistence being that a disposition of lands in another state cannot in law be fraudulent as to existing creditors. We are not inclined to agree with this contention even as an abstract proposition; but concretely the transaction under investigation in this case is whether or not the stock of goods purchased from Ratliff became the property in fact of Henderson or of appellant. Whether the transfer of lands in New Mexico within itself could be fraudulent as to creditors or not is beside the question, which is, as above indicated: Did the stock of goods taken in exchange for it from Ratliff become in truth the property of Henderson or of Edmondson? Whatever the form of the transaction, if its effect was mala fides to place the stock of goods, which in truth belonged to Henderson, in the name of appellant and thus place beyond the reach of creditors property which otherwise would be subject to their demands, the transaction would in law be fraudulent, and the property subject to seizure by Henderson's creditors, for it is peculiarly true

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

that in transactions of this kind the law considers the substance and not the form.

[6] While this is true, it is equally true—so much so that authorities to that effect need not be cited—that a debtor, though insolvent, may, nevertheless, pay one creditor to the exclusion of others, though the effect in all such cases necessarily is to hinder and delay those creditors not thus preferred, provided always the transaction be in good faith at least upon the part of the creditor, thus receiving payment.

[7] Now it became an issue under the evidence whether Henderson was indebted to Edmondson and desired to pay him for which purpose a jury might find the stock of goods was taken in Edmondson's name. A jury might also find from the evidence that after payment it was the intention of the parties that Henderson should receive back whatever remained. In this state of the evidence the court charged as follows: "Now, therefore, if from the evidence you reach the conclusion from the facts and circumstances surrounding the transaction between the plaintiff and J. A. Henderson, the design thereof was not only to secure the plaintiff in repayment of debt, if any debt there was, but also to enable J. A. Henderson to get the remainder arising from said stock of goods after the payment of his debt to plaintiff, the legal effect of such transaction would be to hinder and delay said Henderson's creditors, and, therefore, as to such creditors, such transaction would be void, and the goods in question would be subject to attachment." The same instruction, in effect, is found in the seventh, eighth, and ninth paragraphs of the charge. This, as we have just seen, is not the law and undoubtedly worked a great injustice to appellant, since, under his own testimony that he intended returning to Henderson whatever remained after satisfying his debt, this instruction virtually directed a verdict for the defendants.

On another trial it is not proper that special charge No. 2, requested by appellees, should be given in view of paragraph 10 of the court's charge. In this connection it is well to say that while the witnesses speak of the transaction as a gift of one-half the New Mexico land by Henderson to Edmondson, and a jury might perhaps find it to be such, yet, on the whole, they might with equal propriety find that what the witnesses denominate a gift was in reality a purchase, although on a small consideration of his equity in property which both parties under the circumstances considered of trifling value, and hence the appellant would stand as a purchaser rather than a donee.

For the error indicated, the judgment is reversed, and the cause remanded.